Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, ID  83501-1225
208-746-9947
208-746-5886 (fax)
CharlesABrown@cableone.net
ISB No. 2129
Attorney for proposed Intervenor
The Media Coalition

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| OMAR CASTILLON, DUSTY KNIGHT, JUSTIN PETERSON, LEON RUSSELL, CHRISTOPHER JORDAN, JACOB JUDD, MICHAEL FORD-BRIDGES, AND RAYMOND BRYANT, | ) ) ) ) ) ) | Case No. 1:12-cv-00559-EJL |
| Plaintiffs, | ) ) | MEMORANDUM IN SUPPORT OF MOTION BY MEDIA COALITION |
| vs. | ) ) ) | TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING |
| CORRECTIONS CORPORATION OF AMERICA, Inc. | ) ) ) ) | DEFENDANT'S MOTION FOR A PROTECTIVE ORDER (DKT. 46) |
| Defendant. | ) ) | |

COMES NOW *THE ASSOCIATED PRESS*; IDAHO STATESMAN PUBLISHING, LLC

(*The Idaho Statesman*); COWLES PUBLISHING COMPANY (*The Spokesman-Review*); THE

POST COMPANY (*The Post Register*, *Challis Messenger*, *Shelley Pioneer*, and *Jefferson Star*);

TPC HOLDINGS, INC. (*The Lewiston Tribune* and *Moscow-Pullman Daily News*); LEE

PUBLICATIONS, INC. (*The Times-News* (Twin Falls)); PIONEER NEWSPAPERS, INC. (The

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                    1

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

**EXHIBIT 1**

Pioneer Newspaper Group); IDAHO PRESS-TRIBUNE LLC (*Idaho-Press Tribune* (Nampa));

IDAHO PRESS CLUB, INC.; THE HAGADONE CORPORATION (*The Coeur d'Alene Press*

and *The Bonner County Daily Bee*); THE NEWSPAPER ASSOCIATION OF IDAHO, INC., and

KBOI-TV (collectively referred to herein as the "Media Coalition") by and through its undersigned

counsel Charles A. Brown, Esq., and hereby respectfully submits this memorandum in support of

its Motion to Intervene in this proceeding for the limited purpose of opposing defendant's motion

for a protective order [Dkt. 46] and in opposition to the requested protective order.

## PRELIMINARY STATEMENT

This civil case raises issues of profound concern to the general public.  The Amended

Complaint alleges that the plaintiffs are putative representatives of the prisoners at the Idaho

Correctional Center, where at the defendant has an easily proven policy and persistent pattern of

misconduct occurring in the CCA operated prison in Kuna, Idaho, known as the Idaho Correctional

Center (hereinafter "ICC"). This persistent pattern of misconduct described evidences a policy within

CCA prisons which creates a partnership between CCA and certain prison gangs. Functionally, this

partnership rewards prison gangs with a powerful position within (and consequently outside of) the

prison and allows CCA to enhance its profitability.  (*See* First Amended Complaint for Damages,

and for Declaratory and Injunctive Relief [Dkt. 14, p. 2].)  The defendant has asked this Court for a

protective order which is so broad, generic, and vague that it could and would also apply to exhibits

to be filed with this Court as attached to pleadings, dispositive motions, and any other motions or

pleadings of any nature. Such an overbroad request cannot possibly be squared with constitutional

limitation on the authority of courts to enjoin the free flow of information circulated during judicial

proceedings.

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                                    2

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

As will appear, defendant falls woefully short of meeting its heavy burden to justify the issuance of a protective order in the form that it has requested.   The First Amendment and applicable case law prohibits such a request.

## BACKGROUND

The Media Coalition consists of a fair sampling of the news organizations within the State of Idaho, and this region and thus is a reflection of the level of concern locally, regionally, as well as nationally.

The national representative is *The Associated Press* which is a not-for-profit mutual news cooperative.   Members of *The Associated Press* are more than 1,400 newspapers and more than 5,000 television and radio stations throughout the United States.   *The Associated Press* also serves thousands of subscribing newspapers, news networks, and other publishers and distributors of news worldwide.   Founded in 1846, *The Associated Press* is now the largest newsgathering organization in the world.

This is a lawsuit brought by prison inmates against the owners and operator of a private, for profit, prison company.   Plaintiffs assert serious violations of their rights and claim that their health and physical safety are jeopardized by the defendant's conduct.   The defendant performs a quasi-governmental responsibility in the operation of the prison population which is constituted by the State of Idaho. Defendant in this civil action now seeks a broad protective order as to the sum and substance of the issues in this lawsuit.

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                    3

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

## ARGUMENT

## I.

## THE MEDIA COALITION SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE PROPOSED PROTECTION ORDER

The Media Coalition unquestionably has standing to oppose the defendant's requested protective order. Various case law support this position.

The Stipulation and Order proposed by the defendant would essentially turn upside down the proper order of how litigation should be handled and thus should be reported upon. That is, ALL discovery material would have to be filed under seal if referenced or attached to pleadings, dispositive motions, or non-dispositive motions. All of this would occur without first having to meet the "compelling reasons" test or even the "good cause" test as required by the First Amendment and well developed interpretive case law of the Ninth Circuit Court of Appeals, as discussed below. This would result in reporters not being able to report on a pending case in an intelligent and transparent manner because everything would be filed under seal.

If pending litigation in a major civil case – a case which involves how a private corporation is performing its quasi-governmental duties and responsibilities – is allowed to be pursued behind the cloak of sealed pleadings and documents, that closure to the world would directly impact the media's ability to transparently and openly report on both the judicial proceedings and on the defendants' performance of those quasi-governmental duties and responsibilities.

*See Cal. First Amendment Coal. v. Calderon*, 150 F.3d 976, 980-81 (9th Cir. 1998) (coalition of news organizations has standing to challenge prison regulation barring witnesses from observing entirety of lethal injection procedure); *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978) (newspaper had standing to challenge court's order barring press interviews with discharged jurors); *cf. Levine v. U.S. Dist. Ct.*, 764 F.2d 590, 594 (9th Cir. 1985) (although the

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                                4

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

press were not parties to the appeal, the court recognized that "[b]y effectively denying the media access to the litigants, the district court's order raises an issue under the first amendment by impairing the media's ability to gather news").[1]

Members of the press are, thus, routinely recognized to have standing to intervene. Indeed, "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998).

Accordingly, and pursuant to Fed. R. Civ. P. 24, the Media Coalition should be granted leave to intervene for the limited purpose of opposing defendant's motion for a protective order [Dkt. 46].

---

[1] In addition to asserting its own constitutional rights, the AP has standing to assert the public's constitutionally protected right to receive information about their government institutions, including the courts. *See, e.g., Globe Newspaper Co. v Super. Ct.*, 457 U.S. 596, 604-05 (1982) (because "a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs," the right of public access to information about judicial proceedings "serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government") (internal quotation marks and citations omitted); *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1070 (1991) (recognizing that ours is "a government ultimately of the people, who wish to be informed about happenings in the criminal justice system , [and t]he way most of them acquire that information is from the media"); *In re Dow Jones & Co., Inc.*, 842 F.2d 603, 607 (2d Cir. 1988) ("[T]he First Amendment unwaveringly protects the right to receive information and ideas.") (collecting cases); *In re Express-News Corp.*, 695 F.2d 807, 809 (5th Cir. 1982) ("Government imposed secrecy denies the free flow of information and ideas not only to the press but also to the public."); *cf. Saxbe v. Washington Post Co.*, 417 U.S. 843, 863 (1974) (Powell, J., dissenting) ("An informed public depends on accurate and effective reporting by the news media. . . . *In seeking out the news the press therefore acts as an agent of the public at large.* It is the means by which the people receive the free flow of information and ideas essential to effective self-government.") (emphasis added).

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                                    5

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

## II.

## DEFENDANT HAS NOT ESTABLISHED
## ANY PROPER BASIS FOR THE RELIEF REQUESTED

The defendant's proposed protective order essentially states that anything produced in discovery is to be deemed confidential in nature, and thus, by definition, said material would then need to be filed under seal with this Court in regard to ANY pleadings or motions of any type. *See* Exhibit 5 [Dkt. 46-6] to Memorandum in Support of Motion For Protective Order [Dkt. 46-1].

The usual rule regarding judicial records is that there is a strong presumption that the public is entitled to access. *See, e.g., Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978):

> . . . To answer the question, we first provide a general overview of the common law right of access to judicial records and then consider whether the documents the City and the United States seek to protect are subject to the right of access. (Internal footnotes 2 and 3 omitted.)
>
> I. OVERVIEW OF THE RIGHT OF ACCESS TO JUDICIAL RECORDS
>
> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id.* at 598, 98 S.Ct. 1306. Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." *Id.*
>
> Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989). Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.*

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                6

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz*, 331 F.3d at 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz*, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598, 98 S.Ct. 1306; *accord Valley Broadcasting Co.*, 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz*, 331 F.3d at 1136.

We acknowledged explicitly in *San Jose Mercury News*, 187 F.3d at 1102, and later confirmed in *Foltz*, 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events." *Valley Broadcasting*, 798 F.2d at 1294; *accord Foltz*, 331 F.3d at 1135-36 (noting that " 'summary judgment adjudicates substantive rights and serves as a substitute for trial' ") (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir.1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz*, 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ...'compelling reasons' standard continues to apply.") (internal citations omitted).

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                        7                  Charles A. Brown, Esq.
                                                                    P.O. Box 1225/324 Main St.
                                                                    Lewiston, Idaho 83501
                                                                    208-746-9947/208-746-5886 (fax)

We have, however, "carved out an exception to the presumption of access" to judicial records, *Foltz*, 331 F.3d at 1135, for a "sealed discovery document [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002) (emphasis added). There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and nondispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often " 'unrelated, or only tangentially related, to the underlying cause of action.' " *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).

The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials. *Phillips*, 307 F.3d at 1213. We reasoned in *Phillips* that when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders." Id. Thus a particularized showing," *Foltz*, 331 F.3d at 1138, under the "good cause" standard of Rule 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Id.* at 1135.

In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. *Id.* at 1136. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions. *Id.* at 1135.

It is important to emphasize the difference between the "compelling reasons" standard and the "good cause" standard, especially because the City suggests that they essentially collapse in this case. (Footnote omitted.) A "good cause" showing will suffice to seal documents produced in discovery. Fed.R.Civ.P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties. *Id.* (Internal footnote 4 omitted.)

A "good cause" showing will not, without more, satisfy a "compelling reasons" test. *See Foltz*, 331 F.3d at 1135-36; *Phillips*, 307 F.3d at 1212 (observing that even if a court finds "good cause" under Rule 26(c) to seal a document, it must still

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                          8                          Charles A. Brown, Esq.
                                                                              P.O. Box 1225/324 Main St.
                                                                              Lewiston, Idaho 83501
                                                                              208-746-9947/208-746-5886 (fax)

determine whether the common law right of access compels production). Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale.

Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. *See Nixon*, 435 U.S. at 597, 98 S.Ct. 1306. This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record. Thus a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments. (Internal footnote 5 omitted.)

*Kamakana v. City and County of Honolulu*, 447 F.3d at 1178-1180.

The Ninth Circuit Court, again, recently addressed this issue in *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (2009) as amended in May, 2010, in affirming the *Kamakana* case where it states:

Two standards generally govern motions to seal documents like the one at issue here. First, a "compelling reasons" standard applies to most judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir.2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted).

*Pintos v. Pacific Creditors Ass'n*, 605 F.3d at 678.

The Ninth Circuit Court also goes on to give guidance in regard to the "compelling reasons" standards:

Under the "compelling reasons" standard, a district court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v.*

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                         9

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

*Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995). A proper analysis is reviewed for abuse of discretion. *Foltz,* 331 F.3d at 1135. An order that fails to articulate its reasoning must be vacated and remanded because "meaningful appellate review is impossible" when the appellate panel has no way of knowing "whether relevant factors were considered and given appropriate weight." *Hagestad,* 49 F.3d at 1434-35 (internal quotation marks omitted).

*Id.* at 679.

Thus, the Ninth Circuit requires that "relevant factors" be considered by a court in applying the "compelling reasons" test, and "given appropriate weight."

Defendant's proposed order is over broad and is similarly impermissible. For this reason, too, defendant's request for a protective order should be rejected.

### III.

### DEFENDANT'S PROPOSED PROTECTIVE AGREEMENT UNDERMINES THE NINTH CIRCUIT AND FIRST AMENDMENT

Defendant's Protective Agreement and Order (*see* Exhibit 5 [Dkt. 46-6] to Memorandum in Support of Motion for Protective Order, Dkt. 46-1) sabotages the spirit and intent of the Ninth Circuit and the First Amendment. It places the entire discretion as to what is to be defined as CONFIDENTIAL INFORMATION in the hands of either party. The proposed stipulation specifically states:

> By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings and any instrument that comprises, embodies, or summarizes matter that <u>any party considers confidential.</u>

*See* p. 2 of Exhibit 5 [Dkt. 46-6] (emphasis added).

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)    10

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

Not only does the proposed stipulation contemplate that documents shall be filed under seal but the language also impacts whether or not a pleading shall be filed under seal, without first having obtained Court approval:

> Pleadings containing CONFIDENTIAL INFORMATION will be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:
>
> **CONFIDENTIAL INFORMATION**
> **SUBJECT TO PROTECTIVE ORDER**
>
> **THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**
> **THEREOF DISPLAYED, COPIED, OR REVEALED, EXCEPT BY**
> **COURT ORDER**

*See* pp. 4-5 of Exhibit 5 [Dkt. 46-6] (bolded emphasis in original). Pages 4 and 5 of the proposed stipulation reflect the full context of language in regard to how pleadings that would be filed with this Court, and also attachments that would accompany any such pleadings, would be impacted.

The Ninth Circuit is referencing the machinations of the judicial system. But, in this particular situation, the importance of that language is compounded because the workings of a quasi-governmental agency such as the defendant herein in dealing with a prison population base which is literally created by those who have violated laws of the State of Idaho creates a situation where the press and the public need to have access in order to fully report and understand the quality of the operations by the defendant. The defendant is to not only operate the prison facilities but is also to safeguard the population contained therein.

As noted above, the "compelling reasons" standard requires the district court to weigh "relevant factors," and it is certainly a relevant factor in the case at issue in that the defendant is performing quasi-governmental function in regard to a population base which is placed within their care, custody, and control due to said individuals having violated criminal laws as

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                    11

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

promulgated by the state of Idaho.  Drawing a curtain of secrecy behind which the defendants can operate simply does not comport with the requirements of the First Amendment, nor Ninth Circuit case law as to the openness required of our judicial system, but also the openness required of our government.

### CONCLUSION

For the reasons stated above, the Media Coalition respectfully requests that its Motion to Intervene be granted and that the Court deny the defendant's Motion for Protective order in all respects.

RESPECTFULLY SUBMITTED on this 21st day of June, 2013.


/s/
Charles A. Brown
Attorney for Intervenor
The Media Coalition


MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                    12

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2013, I filed the foregoing with the Clerk of the Court electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Thomas J. Angstman, Esq.                mindy@angstman.com
Wyatt Benton Johnson, Esq.              mindy@angstman.com
Attorneys for Plaintiffs

Nikki Rachelle Smith, Esq.              Nikkismithlaw@gmail.com
Attorney for Plaintiffs

Kirtland G. Naylor, Esq.                kirt@naylorhales.com
James R. Stoll, Esq.                    jrs@naylorhales.com
Attorneys for Defendant

Daniel P. Struck, Esq.                  dstruck@swlfirm.com
Tara B. Zoellner, Esq.                  tzoellner@swlfirm.com
Pro Hac Vice Attorneys for
Defendant


/s/
_____
Charles A. Brown
Attorney for the Intervenor
The Media Coalition

MEMORANDUM IN SUPPORT OF MOTION BY
MEDIA COALITION TO INTERVENE FOR THE LIMITED
PURPOSE OF OPPOSING DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER (DKT. 46)                13

Charles A. Brown, Esq.
P.O. Box 1225/324 Main St.
Lewiston, Idaho 83501
208-746-9947/208-746-5886 (fax)