Stephen L. Pevar
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
330 Main Street, First Floor
Hartford, Connecticut  06106
(860) 570-9830

Richard Alan Eppink
reppink@acluidaho.org
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
P.O. Box 1897
Boise, Idaho  83701
(208) 344-9750 ext. 206
Idaho State Bar no. 7503

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, *et al.*,<br><br>  Plaintiffs,<br>  v.<br><br>TIMOTHY WENGLER, *et al.*,<br><br>  Defendants. | Case No.: 1:11-cv-00185-EJL<br><br>**PLAINTIFFS' REPLY BRIEF** |

Yesterday, CCA filed an unauthorized brief.  Plaintiffs respectfully request that the Court allow this one-paragraph reply.

CCA claims that the Settlement Agreement ("SA") is not an order of this Court.  CCA's argument overlooks the following four things:  (1) Paragraph 15(c) of the SA states that Judge Carter "shall have authority to enforce the terms of this agreement in his capacity as a Federal District Court Judge."; (2) Judge Carter signed the SA; (3) the Order of Dismissal dismissed the case "pursuant to the Stipulation of Dismissal, which is hereby incorporated by the Court," and the Stipulation of Dismissal *specifically incorporates the SA* (*see* Dkt. 25 at 2, dismissing the

case pursuant to the SA, "which is hereby incorporated by the Court"); and (4) Judge Lodge has already determined, in essence, that the SA *is* an order of the Court.[1]  In short, the SA was incorporated by the Court, and it states that the Court has the authority to enforce its terms. Therefore, the Court has ancillary jurisdiction to enforce the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994).

Respectfully submitted this 26th day of June, 2013.

/s/  Stephen L. Pevar
Stephen L. Pevar
Ritchie Eppink

Attorneys for the Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013, I electronically filed under seal the foregoing motion and sent electronic copies to the following persons:

Kirtlan Naylor      kirt@naylorhales.com
James Huegli        jameshuegli@yahoo.com
Daniel Struck       dstruck@ishfirm.com
Tara Zoellner       tzoellner@gmail.com

/s/  Stephen L. Pevar
 Stephen L. Pevar

---

[1] Judge Lodge's order of referral (Dkt. 44) states: "The Court has retained post-dismissal jurisdiction over this case. (Dkt. 26.)" *See* Dkt. 44 at 1  Judge Lodge's ruling can only be interpreted as holding that the Settlement Agreement is an order of the Court because, if the Agreement were not an order, then the Court would have no post-dismissal jurisdiction over this case.  .