UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZIMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, Individually and on behalf of a class of all other persons similarly situated, | Case No. 1:11-CV-185-S-EJL |
| Plaintiffs, | **ORDER ON MOTION TO UNSEAL** |
| v. | |
| TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Unseal (Dkt. 50), seeking to unseal two motions and accompanying documents, as well as the Court's orders resolving those motions. *See* Motion to Unseal at 1, 3. This Motion to Unseal is reasonably understood to cover Docket Entries 39–56, and 58. All the documents relate to Plaintiffs' contention that Defendant Corrections Corporation of America (CCA) in breach and/or contempt of the Settlement Agreement (Dkt. 25, Ex. A) in this case because CCA has failed to adequately staff the Idaho Correctional Center.[1]

For the reasons below, and after considering all the briefing on this issue, the

---

[1] The Settlement Agreement was incorporated into the Court's Order for Dismissal (Dkt. 26). *See* Order on Breach/Contempt (Dkt. 56) at 6.

**Order on Motion to Unseal - 1**

Court GRANTS Plaintiffs' Motion to Unseal. The documents relevant to hearings

scheduled for August 7–8, as well as the hearings themselves, shall be open to the public.

I.      **Legal Standard**

To start with the necessary, if obvious, initial premise, court proceedings and

records are generally open to the public. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 (1978); *Associated Press v. U.S. Dist. Court for Cent. Dist. of California*,

705 F.2d 1143, 1145 (9th Cir. 1983) ("We thus find that the public and press have a first

amendment right of access to pretrial documents in general."). This right of access is

"grounded in the First Amendment and in common law." *CBS, Inc. v. U.S. Dist. Court for

Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (citing *Associated Press*, 705

F.2d at 1145). Such a general rule for access applies, as matters here, in civil cases. *See,

e.g.*, *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 386 n.15 (1979) ("As early as 1685,

Sir John Hawles commented that open proceedings were necessary so 'that the truth may

be discovered in civil as well as criminal matters,'" and noting that "in some civil cases

the public interest in access, and the salutary effect of publicity, may be as strong as, or

stronger than, in most criminal cases.").

The point of these open proceedings and records is, in part, that such matters

"should take place under the public eye" because "it is of the highest moment that those

who administer justice should always act under the sense of public responsibility, and that

every citizen should be able to satisfy himself with his own eyes as to the mode in which

a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.).

This interest goes beyond oversight of the judiciary: "The public has a right, and even a

responsibility . . . to monitor the activities and performance of their own government and

use this information to implement change if needed." *Skinner v. Uphoff*, 2005 WL

4089333, at *3 (D. Wyo. Sept. 27, 2005).[2]

      To overcome the presumption that a matter should not be sealed, the party seeking

to seal must "articulate compelling reasons supported by specific factual findings."

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

(citations omitted). A decision to seal records cannot be based "hypothesis or conjecture"

in place of the required compelling reasons. *Id.* at 1179 (citation omitted).[3]

## II.    Defendants' arguments for keeping the filings under seal

      The Court will consider Defendants' arguments for sealing the motions and

accompanying documents in turn. It should be noted at the outset that the Court's holding

is tied to the circumstances of this case: Plaintiffs seek to hold Defendants accountable to

a publicly filed Settlement Agreement that was incorporated into the Court's Order for

---

[2] "Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

[3] Defendants have not argued that the documents at issue here fit within a "carved out . . . exception to the presumption of access" for sealed discovery documents attached to a non-dispositive motion. *Kamakana*, 447 F.3d at 1179 (citation omitted). This is because such an exception for documents previously ordered sealed during discovery is not applicable here. *See id.* at 1379–80.

**Order on Motion to Unseal - 3**

Dismissal. The arguments here are solely about the motions and accompanying papers on this issue, as well as the subsequent hearing.

Defendants first argue that the motions should never have been docketed because the Settlement Agreement provides that the parties "submit the dispute" to this Court for resolution. *See id.* ¶ 15(c). This language, by Defendants' argument, means that a publicly filed motion is inappropriate. Ds' Br. re: Sealed Pleadings (Dkt. 52) at 2. But the relevant section of the Settlement Agreement states that if previous attempts at resolving a dispute fail, a party "shall submit the dispute to the Honorable David O. Carter, who shall have authority to enforce the terms of this agreement in his capacity as a Federal District Court Judge." Settlement Agreement ¶ 15(c). Where the Parties have sought to have their dispute discussions private, the Settlement Agreement reflects that agreement. *See id.* ¶15(a) ("Nothing said by any party or counsel for any party during any and all meetings held under this paragraph may be used by any opposing party in subsequent litigation between the parties or in any other lawsuit.").

Here, Plaintiffs seek to hold Defendants in breach and/or contempt of a publicly filed Settlement Agreement, which the Court has determined was incorporated into the Order for Dismissal in this case. Order on Breach/Contempt at 10. Plaintiffs' motions, submitted after the Parties have failed at private attempts to settle their dispute, are properly filed as motions on the docket.

**Order on Motion to Unseal - 4**

Defendants next argue that the right to records is not absolute, and that the compelling reason to seal documents is that they are "intended solely to gratify private spite, promote public scandal, and circulate libelous statements." Ds Br. re: Sealed Pleadings at 3 (citing *Nixon*, 435 U.S. at 598). This argument is not convincing for the facts of this case. Defendants have already publicized their contention that there were merely "some inaccuracies" in staffing records at the Idaho Correctional Center. *See* CCA Press Release (Dkt. 50–2). The Idaho Department of Correction put out a news release stating that CCA admitted its prison employees "falsified staffing records" for a "small fraction" of CCA's staffing obligation, with no significant effect on prison safety. *See* IDOC Press Release (Dkt. 50–3). Plaintiffs do not believe that this is the full story. It is hardly private spite, promotion of public scandal, or libelous, to contend that CCA is wrong, and to submit sworn affidavits from past and current employees in support of that argument. Idaho taxpayers pay CCA to operate one of their prisons. With public money comes a public concern about how that money is spent. Such a public interest cannot be swatted away by calling it a desire for "public spectacle," or a form of "private spite," or any of the other labels that CCA offers.

CCA's remaining arguments—that documents contain proprietary information, or would threaten an individual's safety—are reasons, at best, to make limited redactions, not to seal entire documents. *See, e.g.*, *Methodist Hospitals, Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996) ("To say that particular *information* is confidential is not to say that

**Order on Motion to Unseal - 5**

the entire document containing that information is confidential."). For that reason, the Court ordered the parties (Dkt. 59) to submit any proposed limited redactions.

### III.  Conclusion

For the above reasons, the Motion to Unseal is GRANTED. Dockets 39–56 and 58 shall be unsealed, but only after the Court has the opportunity to review proposed redactions. The Court anticipates having these documents unsealed prior to the hearings set for August 7–8. Those hearings are, for the reasons discussed above, open to the public.

DATED this 31st day of July, 2013.

_____
United States District Judge
for the Central District of California
Sitting by Special Designation