Kirtlan G. Naylor      ISB 3569
James R. Stoll        ISB 7182
NAYLOR & HALES, P.C.
950 W. Bannock Street, Suite 610
Boise, Idaho 83702
Telephone:  (208) 383-9511
Fax:  (208) 383-9516
kirt@naylorhales.com
jrs@naylorhales.com

Daniel P. Struck       AZB 012377
*(Pro Hac Vice)*
Timothy J. Bojanowski    AZB 022126
*(Pro Hac Vice)*
Tara B. Zoellner      AZB 027364
*(Pro Hac Vice)*
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@swlfirm.com,
tbojanowski@swlfirm.com
tzoellner@swlfirm.com

Attorneys for Defendants Timothy Wengler and
Corrections Corporation of America, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, individually and on behalf of a class of all other persons similarly situated,<br><br>                    Plaintiffs,<br><br>   v.<br><br>TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC.<br><br>                    Defendants. | Case No. 1:11-cv-00185-EJL<br><br>**DEFENDANTS' HEARING BRIEF** |

       The Court has ordered Defendants to show why they should not be held in contempt and sanctioned for their breach of Paragraph 4 of the Settlement Agreement.

**DEFENDANTS' HEARING BRIEF**

Defendants submit this Hearing Brief to help inform the Court of the level of culpability that Plaintiffs must show before a finding of contempt and sanctions can be imposed.

I.     **LEGAL ARGUMENT**

    A.     **Criminal Contempt v. Civil Contempt**

The level of culpability required to find contempt and impose sanctions depends on whether the contempt proceeding is considered criminal or civil. In determining what type of proceeding this is, the Court must look to "the nature of the requested relief," *Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585, 590 (1947), "not the nature of the contemnor's actions." *United States v. Powers*, 629 F.2d 619, 626 (9th Cir. 1980); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("To distinguish civil from criminal contempt, the focus of the inquiry is often not upon the fact of punishment but rather its character and purpose.") (citing *Shillitani v. United States,* 384 U.S. 364, 369 (1966)); *Latrobe Steel Co. v. United Steelworkers of Am., AFL-CIO*, 545 F.2d 1336, 1342–43 (3rd Cir. 1976) ("It is well established that the nature of the defendant's conduct is not the primary differentiating factor in determining the nature of the contempt. This is so since a single act of contempt may give rise to both criminal and civil sanctions. Rather, the most significant variables are the purpose and character of the sanctions that are imposed against the contemnor.").

"The test is what does the court primarily seek to accomplish by imposing the sanction?" *Falstaff*, 702 F.2d at 778 (citing *Shillitani,* 384 U.S. at 370) (internal quotation omitted). "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the *complainant*.'" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994) (quoting *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441 (1911)) (emphasis added). But if the sanction is intended to "vindicate the authority of the court," that is, punitive in nature, it is considered a criminal contempt sanction. *Id*. Where there are elements of both civil and criminal sanctions, the protections that precede a criminal contempt sanction controls. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 518 (9th Cir. 1992); *Falstaff,* 702 F.2d at 778–79 ("[W]here the *fine* imposed is part compensation and part punishment, the criminal feature

**DEFENDANTS' HEARING BRIEF - 2**

dominates and fixes its character."). "The distinction between civil and criminal contempt is significant because 'criminal contempt is a crime in the ordinary sense.'" *Von Haar v. City of Mountain View*, 2012 WL 5828511, at *9 (N.D. Cal. 2012) (quoting *Bloom v. Illinois,* 391 U.S. 194, 201 (1968)). Thus, "criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Id.* (quoting *Hicks on Behalf of Feiock v. Feiock,* 485 U.S. 624, 632 (1988)). These protections include proof beyond a reasonable doubt. *Id.* at 826–27 (citing *Gompers,* 221 U.S. at 441; *Bloom,* 391 U.S. at 199).

    B.    <u>**Criminal Contempt Requires Willful Intent**</u>

Before the court may issue a punitive sanction (and find Defendants in criminal contempt), Plaintiffs must establish that there "is a clear and definite order of the court, the contemnor knows of the order, *and* the contemnor *willfully* disobeys the order." *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980) (citing *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 195 (9th Cir. 1979) (emphasis added). "[W]illful disobedience must be proved beyond a reasonable doubt." *Falstaff*, 702 F.2d at 782 (citing *United States v. Powers,* 629 F.2d 619, 626 n.6, 627 (9th Cir.1980); *United States v. Greyhound Corp.,* 508 F.2d 529, 531 (7th Cir.1974)). "Willfulness in this context means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of an order." *Id.* (finding there "simply was no proof beyond a reasonable doubt that Falstaff wilfully disobeyed the court's protective order. The contempt order, being criminal in nature, must therefore be reversed."); *Healey v. United States,* 186 F.2d 164, 171 (9th Cir. 1950) (court reversed a criminal contempt order where the contemnor never had control of the subject records and therefore could not be held responsible for their unavailability).

Here, it appears that the purpose and character of this contempt proceeding is to impose a punitive sanction, i.e., to "vindicate the authority of the court." *See*, *e.g.*, *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 946 F.2d 898 (9th Cir. 1991) (unpublished) ("$10,000 fine for past wrongdoing was criminal in nature rather than civil. We must, therefore, strike down the

**DEFENDANTS' HEARING BRIEF - 3**

criminal exaction."); *Bell v. Hongisto*, 501 F.2d 346, 353 (9th Cir. 1974) (finding contempt was essentially "criminal" in nature because "the purpose of the contempt sanction in this case was punitive rather than compensatory or coercive"). Thus, before imposing such a sanction, the Court must find that Defendants willfully breached the Settlement Agreement.

### C. There Can Be No Civil Contempt if the Defendant Took "All Reasonable Steps" to Comply with the Court Order

A party's intent is irrelevant to *find* it in civil contempt. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (stating that the purpose of civil contempt is remedial, so it does not matter whether the defendant acted with intent to violate the consent decree). But a plaintiff must first show by clear and convincing evidence of the violation. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). And even if the plaintiff meets that burden, the defendant cannot be held in civil contempt if he has taken "all reasonable steps" to comply with the court order. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891–92 (9th Cir. 1982)); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir.1983); *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976). "[T]echnical or inadvertant violations of the order will not support a finding of civil contempt." *Gen. Signal Corp.*, 787 F.2d at 1379. In *Vertex*, the court held that the trial court did not abuse its discretion in refusing to find the defendant in contempt because it had discovered the violation of the consent decree and took steps to correct it before the plaintiffs moved for an order of contempt. 689 F.3d at 891–92.

In their Motion for Order to Show Cause, Plaintiffs misstated that Defendants' burden is to show an "inability" to comply with the Settlement Agreement. They also incorrectly argued that Defendants must show that compliance was "impossible." Plaintiffs' reliance on *United States v. Santee Sioux Tribe of Nebraska*, 254 F.3d 728, 736 (8th Cir. 2001), for these propositions is misplaced. In *Santee Sioux Tribe*, the court held: "Once it has been shown that the alleged contemnors violated a court order, the contemnor bears the burden of showing that

**DEFENDANTS' HEARING BRIEF - 4**

compliance is presently impossible. To show that compliance is presently impossible, the defendant must demonstrate: (1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply." *Id*. at 506 (internal quotes and citations omitted). Thus, the standard in that case was also one of reasonableness, not inconsistent with the Ninth Circuit. Citing *In re Crystal Palace*, 817 F.2d 1361 (9th Cir. 1987), Plaintiffs also incorrectly asserted that "good faith" is not relevant in a civil contempt proceeding. But that case is inapposite. There, the court ordered Crystal Palace to execute documents transferring real property to MTI pursuant to their purchase agreement. Crystal Palace, which later filed bankruptcy, did not comply arguing that they had a commitment from another buyer to purchase the property at a higher price, which was an "exceptional circumstance" that excused their non-compliance with the court order. *Id*. at 1363-65. The court treated this argument as a proposed "good faith" *exception* to compliance and rejected it. *Id*. at 1365. The court, however, did not hold that "good faith" efforts to comply with a court order is not a defense. *Id*.

Contrary to these arguments, the Ninth Circuit has interpreted the "reasonable steps" standard as including a showing of "good faith" and "substantial compliance" with a court order. *See Vertex*, 689 F.2d 891–92 (finding no contempt because defendant acted in good faith and substantially complied by discovering violation and taking steps to correct it before plaintiffs had moved for order of contempt).[1]

D. **Civil Contempt Sanctions are Dictated by the Defendants' Intent, the Ability to Cure the Breach, and the Complainant's Actual Loss**

Even if Defendants are found to be in civil contempt, the scope of the sanction that can be imposed turns on whether it is a coercive sanction or a compensatory sanction. *See United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947) (a contempt fine

---

[1] Plaintiffs also incorrectly argued that the Ninth Circuit requires Defendants to show that they made "reasonably diligent and energetic" efforts to comply. Plaintiffs cited *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. P'ship*, 95 F.Supp.2d 1252, 1257 (D. Utah 2000), for this proposition, but that case relied on another Utah district court case and one case in the Seventh Circuit. The Ninth Circuit has not adopted that standard or imposed such a duty.

**DEFENDANTS' HEARING BRIEF - 5**

is considered civil and remedial if it either (1) "coerces the defendant into compliance with the court's order, or (2) compensates the complainant for losses sustained").

      1.     Coercive Sanctions

When imposing a *coercive* award, the court must consider the character of the harm, which is akin to punitive damages. *Id.*; *see also Gen. Signal Corp.*, 787 F.2d at 1380. It must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id*. In considering the "character and magnitude of the harm," the intent of the party *is* relevant. *See Sublime v. Sublime Remembered*, CV 06-6059 CAS FMOX, 2013 WL 3863960, at *6 (C.D. Cal. July 22, 2013) ("When imposing a coercive civil contempt sanction, a court should consider … the willfulness of the violating party.") (citing *United Mine Workers of America,* 330 U.S. at 303–304; *Gen. Signal Corp.,* 787 F.2d at 1380)); *Fed. Trade Comm'n v. Gill*, 183 F.Supp.2d 1171, 1186 (C.D. Cal. 2001) (considering the defendant's "deceptive representations" when determining the "character and magnitude of harm").

In addition, the court's power to impose a coercive fine is limited by the contemnor's ability to avoid the fine by coming into compliance with the court's order. *Falstaff*, 702 F.2d at 780 (citing *Shillitani*, 384 U.S. at 371). Thus, before imposing a coercive sanction, a court must provide the party an opportunity to purge. *Bagwell*, 512 U.S. at 829 (citing *Penfield*, 330 U.S. at 590) (holding that a "flat, unconditional fine" totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance); *United States v. Ayres*, 166 F.3d 991 (9th Cir. 1999) (stating that civil contempt requires an opportunity for the contemnor to purge civil contempt and come into compliance). Thus, the purpose of a coercive sanction is *not* to penalize a past wrong. *See Falstaff*, 702 F.2d at 780 (a coercive sanction "cannot undo or remedy what has been done nor afford any compensation.") (citing *Gompers*, 221 U.S. at 442); *Vertex Distrib.*, 689 F.2d at 891–92 (finding no contempt because defendant discovered violation of consent judgment and took steps to correct it before plaintiffs moved for order of contempt); *Shuffler*, 720 F.2d at 1148

**DEFENDANTS' HEARING BRIEF - 6**

(finding that sanction improper where the coercive purpose of the sanction has ended and remanding for the court to determine whether the character and magnitude of the harm and the effectiveness of the sanction). A coercive fine also cannot impose upon the contemnor a condition that is impossible to perform. *Id*.

        2.        Compensatory Sanctions

A compensatory fine must be based on evidence of the complainant's actual loss. *United Mine Workers*, 330 U.S. at 304. Attorneys' fees incurred in attaining a consent judgment are not recoverable as a compensatory award. *See Gen. Signal Corp.*, 787 F.2d at 1380 ("General Signal argues that it should be compensated for the $195,000 in attorney's fees expended in attaining the consent judgment as part of the civil contempt award. This is not possible under Shuffler because these fees were not caused by Donallco's violation of the consent judgment."). Moreover, a compensatory sanction must compensate only the *complainant's* actual loss; it cannot be imposed to compensate the court or any other non-party. *United Mine Workers*, 330 U.S. at 304; *Falstaff*, 702 F.2d at 780. Thus, for example, the Court cannot order Defendants to pay IDOC for *their* loss. *See also Nye v. United States*, 313 U.S. 33, 43 (1941) (holding that "a contempt is considered civil when the punishment is wholly remedial, serves only the purpose of the complainant, and is not intended as a deterrent to offenses against the public"; thus, an order imposing "unconditional fines payable to the United States" or requiring payment from non-parties is considered punitive and improper).

## II.    CONCLUSION

This Hearing Brief is hereby submitted to assist the Court in ruling in this contempt proceeding.

**DEFENDANTS' HEARING BRIEF - 7**

DATED this 8th day of August 2013.

       STRUCK, WIENEKE & LOVE, P.L.C.

       By /s/ Daniel P. Struck
        Daniel P. Struck *(Pro Hac Vice)*
        Email: dstruck@swlfirm.com
        Timothy J. Bojanowski *(Pro Hac Vice)*
        Email: tbojanowski@swlfirm.com
        Tara B. Zoellner *(Pro Hac Vice)*
        Email: tzoellner@swlfirm.com

        Kirtlan G. Naylor
        Email: kirt@naylorhales.com
        NAYLOR & HALES, P.C.

        Attorneys for Defendants Timothy Wengler
        and Corrections Corporation of America, Inc.

2577391.1

**DEFENDANTS' HEARING BRIEF - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of August 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> Richard Alan Eppink
> reppink@acluidaho.org
>
> Stephen L. Pevar
> pevaraclu@aol.com
>
> Daniel Patrick Struck
> Timothy J. Bojanowski
> Tara B. Zoellner
> dstruck@swlfirm.com
> tbojanowski@swlfirm.com
> tzoellner@swlfirm.com
>
> Kirtlan G. Naylor
> James R. Stoll
> kirt@naylorhales.com
> jrs@naylorhales.com

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

> Via first class mail, postage prepaid addressed as follows:
>
> N/A
>
> Via certified mail, return receipt requested, addressed as follows:
>
> N/A

                                              /s/ Daniel P. Struck

**DEFENDANTS' HEARING BRIEF - 9**