Stephen L. Pevar
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
330 Main Street, First Floor
Hartford, Connecticut  06106
(860) 570-9830

Richard Alan Eppink
reppink@acluidaho.org
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
P.O. Box 1897
Boise, Idaho  83701
(208) 344-9750 ext. 206
Idaho State Bar no. 7503

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, *et al.*,<br><br>                    Plaintiffs,<br><br>   v.<br><br>TIMOTHY WENGLER, *et al.*,<br><br>                    Defendants. | Case No.: 1:11-cv-00185-EJL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL HEARING BRIEF (DKT. 66)** |

      The unexpected Supplemental Hearing Brief that the Defendants filed earlier today makes two erroneous statements of law.  Plaintiffs submit this short response addressing solely those issues.

      First, CCA contends that this Court can only coerce compliance with its orders if it finds that the contemnor acted willfully.  Dkt. 66 at 4 ("the Court first must find that CCA acted willfully").  This is erroneous.  The purpose of civil contempt is "to coerce compliance with a court order."  *Systems Division, Inc. v. Teknek Electronics, Ltd.*, No. SA CV 00-135 DOC, slip op. at 10 (C.D. Cal. Oct. 27, 2007) (Carter, J.) (Dkt. 65-1).  A plaintiff need not prove intentional

or willful disobedience. *Id.* (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)).  Indeed, even the case that CCA relies on notes that willfulness is a factor to consider in determining a proper *remedy*, not in determining whether a contempt has occurred. *Sublime v. Sublime Remembered*, No. CV 06-6059 CAS FMOX, 2013 WL 3863960 at *6 (C.D. Cal. July 22, 2013).

Second, CCA tries to recast these proceedings as a motion to modify a court order rather than a motion to hold CCA in contempt of court.  Dkt. 66 at 6.  The problem with CCA's argument is that, even if Plaintiffs' motion should be viewed as a motion to modify, CCA still loses.  The Ninth Circuit has squarely held that, when a party has disobeyed a court order, such misconduct constitutes a "significant change in circumstances" justifying modification of the order, including extension of the order's duration. *Labor/Community Strategy Center v. Los Angeles County Metro. Transportation Authority*, 564 F.3d 1115, 1121 (9th Cir. 2009).  Thus, whether the Court views this as a motion for contempt (as most courts typically consider noncompliant conduct) or as a motion to modify, the result is the same and the Court can proceed to implement that remedies set forth in Plaintiffs' brief.

Respectfully submitted this 14th day of August, 2013.

    AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

    /s/ Stephen L. Pevar

    AMERICAN CIVIL LIBERTIES UNION
    OF IDAHO FOUNDATION

    /s/ Richard Alan Eppink

    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2013, I electronically transmitted the foregoing to the following people at their email addresses of record, listed below:

| | |
|---|---|
| Kirtlan Naylor | kirt@naylorhales.com |
| James Huegli | jameshuegli@yahoo.com |
| Daniel Struck | dstruck@swlfirm.com |
| Tara Zoellner | tzoellner@swlfirm.com |

By: /s/ Richard Alan Eppink