UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZIMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, Individually and on behalf of a class of all other persons similarly situated, | Case No. 1:11-CV-185-S-EJL<br><br>**ORDER TEMPORARILY EXTENDING SETTLEMENT AGREEMENT** |
| Plaintiffs, | |
| v. | |
| TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC., | |
| Defendants. | |

Before the Court is the issue of whether Defendants should be found in civil contempt for violating the Settlement Agreement (Dkt. 25, Ex. A, hereafter "Settlement Agreement") by which the Parties agreed to settle this case. The Settlement Agreement at Paragraph 15 separately allows for the Court to rule on whether a party has committed a breach and to enforce the terms of the agreement. Plaintiffs have filed a Motion (Dkt. 74) seeking to temporarily extend the Settlement Agreement's expiration deadline, and

**MEMORANDUM DECISION AND ORDER - 1**

asking the Court to expedite consideration of their Motion because otherwise the Agreement will expire either on September 16, 2013, or on September 20, 2013.[1] After considering all filings and the testimony from hearings on August 7 and 8, 2013, the Court temporarily extends the terms of the Settlement Agreement for 15 days, to preserve the status quo until the issue of civil contempt and breach of the agreement is resolved. Plaintiffs have made a sufficient showing that there was a significant change in the facts underlying the Settlement Agreement, in that it is clear that Defendants persistently did not comply with the staffing requirements of their contract with IDOC. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 393 (1992) ("A party seeking modification of a consent decree must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance.") Failing to substantially comply with the terms of a consent decree can qualify as the significant change in circumstances that justifies extending the decree. *Labor/Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1120-21 (9th Cir. 2009). Given the serious doubt that there was ever compliance with Paragraph 4 of the Settlement Agreement, narrowly tailored relief should include extending the duration of the agreement.

---

[1] September 16, 2013, is the two-year anniversary of the date that the Parties signed the Agreement. The 20th is the two-year anniversary of the date that the Court adopted and filed it. Paragraph 16 of the Agreement states: "The relief granted in this agreement shall terminate on the two year anniversary of the date that the parties execute the settlement agreement." The parties have not briefed the issue of when the Agreement was executed and when it expires. As of 4 p.m. on this date, Defendants had not docketed a response to Plaintiffs' Motion.

This non-compliance was a regular occurrence during the period of the Settlement Agreement, and Defendant Corrections Corporation of America was still failing to fill mandatory posts even in the weeks prior to the hearings. *See, e.g.*, Pls' Ex. 120. Such non-compliance violates Paragraph 4, a key term of the Settlement Agreement that Plaintiffs bargained for and that Defendants promised they would meet.

This temporary modification allows sufficient time to examine the recently available hearing transcript, as well as other evidence submitted.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff's Motion (Dkt. 74) is GRANTED, the Court considers the Motion on an expedited basis, and the Settlement Agreement is extended for a period of 15 days.

DATED THIS 13th day of September, 2013.

_David O. Carter_

DAVID O. CARTER
United States District Judge
For the Central District of California
Sitting by Special Designation

**MEMORANDUM DECISION AND ORDER - 3**