Kirtlan G. Naylor ISB 3569
James R. Stoll ISB 7182
NAYLOR & HALES, P.C.
950 W. Bannock Street, Suite 610
Boise, Idaho 83702
Telephone: (208) 383-9511
Fax: (208) 383-9516
kirt@naylorhales.com
jrs@naylorhales.com

Daniel P. Struck AZB 012377
*(Pro Hac Vice)*
Timothy J. Bojanowski AZB 022126
*(Pro Hac Vice)*
Tara B. Zoellner AZB 027364
*(Pro Hac Vice)*
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1695
dstruck@swlfirm.com,
tbojanowski@swlfirm.com
tzoellner@swlfirm.com

Attorneys for Defendants Timothy Wengler and Corrections Corporation of America, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, individually and on behalf of a class of all other persons similarly situated,

Plaintiffs,

v.

TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC.

Defendants.

Case No. 1:11-cv-00185-EJL

**MOTION FOR CLARIFICATION [DKT. 76]**

On September 16, 2013, the Court issued a Memorandum Decision and Order (Dkt. 76) finding that CCA breached the parties' September 16, 2011 Settlement Agreement

(Dkt. 25, Ex. A). Among the sanctions set forth in that Order is a requirement that Corrections Corporation of America ("CCA") pay a predetermined hourly fine of "$100 per hour for any vacant mandatory post hours over 12 hours in one month." *See* Dkt. 76 at 22, 24. The Order is silent, however, as to the following: (1) to whom the fine is to be paid; (2) what circumstances, if any beyond the narrow exception of the laundry officer post mentioned in footnote 26, warrant or excuse an unfilled mandatory post (Dkt. 76 at 22 n.26); and (3) the mechanism by which CCA would be excused from having a post, such as laundry officer, not filled for an entire shift. CCA respectfully requests clarification of the Order as to these three issues.

As phrased, footnote 26 places determinations about the management of contractually-mandated security staff resources solely before the Court, even though the Idaho Department of Corrections ("IDOC") – the entity with whom CCA contracted with for the mandatory staffing pattern at issue here and whose inmate population is incarcerated at the Idaho Correctional Center – employs corrections professionals like Tim Higgins[1] who monitor IDOC's contract with CCA. Additionally, the Court-ordered independent monitor will have access to IDOC personnel to determine compliance with respect to mandatory security staffing. As the Order is phrased, the Court – not IDOC or the monitor – appears to assume control of the security staffing provisions of Idaho's contract with CCA.

"Running a prison is an inordinately difficult undertaking" that requires specialized expertise falling outside the province of federal courts,[2] *Turner v. Safley*, 482 U.S. 78, 84-85 (1987), and "[t]he problems that arise in the day-to-day operation of a corrections

---

[1] Mr. Higgins testified at the September 7 and 8 hearing in his capacity as Deputy Warden of Idaho's contract prison oversight unit. Mr. Higgins testified to his 24 years of experience with IDOC, during which time he worked his way through the ranks from correctional officer to his current position, at various Idaho facilities housing a variety of inmate populations.

[2] Especially here, where the prison at issue is part of a state, as opposed to federal, penal system. *See, e.g., Turner,* 482 U.S. at 85.

facility are not susceptible to easy solutions." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). For the same reasons that deference should be accorded to prison administrators, the State of Idaho, and the corrections professionals it employs, should be accorded judicial deference in the execution of the IDOC contract with CCA, based on its judgment as to the security staffing needed (in particularized situations) to preserve internal order and discipline and to maintain institutional security. *See id.* (citations omitted). Rather than require CCA to petition the Court for relief in the specific circumstances accounted for in footnote 26,[3] the Court-ordered monitor could review day-to-day adjustments to the assignment of CCA employees to contractually mandated security posts and, with IDOC, determine if they comply with the spirit of the staffing pattern established by IDOC. If, however, the Court intends to require CCA to petition the Court for relief in every instance where IDOC has permitted a deviation from the mandatory security staffing pattern, CCA requests clarification as to the process for doing so.

## CONCLUSION

For the foregoing reasons, CCA respectfully requests clarification of the following: (1) to whom the Court-ordered fine is to be paid; (2) what circumstances, if any beyond the narrow exception of the laundry officer post mentioned in footnote 26, warrant or excuse an unfilled mandatory post (Dkt. 76 at 22 n.26); and (3) the mechanism by which CCA would be excused from having a post, such as laundry officer, not filled for an entire shift.

[3] The laundry officer post is not the only post that may be closed and the officer re-assigned. Utility officers may also be reassigned if they would be of greater service elsewhere in the facility. Additionally, officers may have to be shuffled when unforeseen emergencies arise, be they medical or security related. When an inmate needs to go to the hospital, a specific number of officers must accompany each inmate, and those officers are taken from the officers on staff at the time of the emergency transport. Similarly, if an inmate indicates that he is suicidal – a frequent occurrence – a suicide watch is implemented, which requires one officer to supervise the suicidal inmate.

DATED this 23rd day of September 2013.

        STRUCK WIENEKE & LOVE, P.L.C.

        By: */s/ Daniel P. Struck*
            Daniel P. Struck *(Pro Hac Vice)*
            Email:  dstruck@swlfirm.com
            Timothy J. Bojanowski *(Pro Hac Vice)*
            Email:  tbojanowski@swlfirm.com
            Tara B. Zoellner *(Pro Hac Vice)*
            Email:  tzoellner@swlfirm.com

            Kirtlan G. Naylor
            Email:  kirt@naylorhales.com
            NAYLOR & HALES, P.C.

            Attorneys for Defendants Timothy Wengler
            and Corrections Corporation of America, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of September 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Alan Eppink
reppink@acluidaho.org

Stephen L. Pevar
pevaraclu@aol.com

Daniel Patrick Struck
Timothy J. Bojanowski
Tara B. Zoellner
dstruck@swlfirm.com
tbojanowski@swlfirm.com
tzoellner@swlfirm.com

Kirtlan G. Naylor
James R. Stoll
kirt@naylorhales.com
jrs@naylorhales.com

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

Via certified mail, return receipt requested, addressed as follows:

N/A

*/s/ Daniel P. Struck*
DANIEL P. STRUCK