Kirtlan G. Naylor          ISB 3569
James R. Stoll             ISB 7182
NAYLOR & HALES, P.C.
950 W. Bannock Street, Suite 610
Boise, Idaho 83702
Telephone:  (208) 383-9511
Fax:  (208) 383-9516
kirt@naylorhales.com
jrs@naylorhales.com

Daniel P. Struck           AZB 012377
*(Pro Hac Vice)*
Timothy J. Bojanowski      AZB 022126
*(Pro Hac Vice)*
Tara B. Zoellner           AZB 027364
*(Pro Hac Vice)*
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone:  (480) 420-1600
Fax:  (480) 420-1695
dstruck@swlfirm.com,
tbojanowski@swlfirm.com
tzoellner@swlfirm.com

Attorneys for Defendants Timothy Wengler and
Corrections Corporation of America, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC.<br><br>Defendants. | Case No. 1:11-cv-00185-EJL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77]** |

Defendants' Motion for Clarification (Doc. 77) was not intended to be argumentative; rather, it was simply a request to the Court for clarification of certain points that,

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77] - 1**

from a logistical and corrections standpoint, Defendants believe additional guidance from the Court is necessary as they proceed under the Court's Order.  Plaintiffs' response (Doc. 84) assumes that Defendants are arguing for a particular position with respect to the three areas on which they request clarification and purports to clarify and interpret what only the Court can.  If anything, Plaintiffs' response is further evidence of a need for clarification of: (1) the payee of any sanctions CCA must pay; (2) what circumstances, if any beyond the narrow exception of the laundry officer post mentioned in footnote 26, warrant or excuse an unfilled mandatory post (Doc. 76 at 22 n.26); and (3) the mechanism by which CCA would be excused from having a post, such as laundry officer, not filled for an entire shift.

> 1.      **<u>The Payee of Sanction Under the Court Order is Unclear.</u>**

Defendants ask that the Court clarify to whom the sanction of "$100 per hour for any vacant mandatory post hours over 12 hours in one month" be paid, in the event vacant mandatory post hours exceed 12 hours in a given month.  Defendants did not take a position on the issue; rather, they simply asked for clarification.  Plaintiffs, on the other hand, spend nearly three pages arguing their position – pages that would not have been necessary if the payee information was as clear as Plaintiffs suggest.  Defendants respectfully request clarification of the payee of any sanctions imposed under the Court's Order.

> 2.      **<u>The Court's Order is Unclear as to Circumstances Warranting or Excusing an Unfilled Mandatory Post.</u>**

Defendants ask the Court to clarify what circumstances, *if any*, beyond the narrow exception of the laundry officer post mentioned in footnote 26, warrant or excuse an unfilled mandatory post.  *See* Doc. 76 at 22 n. 26.  Although their language is nowhere to be found in the Court's Order, Plaintiffs' counsel explains that it is "obvious[]" an exemption is only warranted "where CCA can show that, although the post is mandatory, there is no longer a security need to fill it."  *See* Doc. 84 at 5.  If anything, Plaintiffs' response and interpretation of the Court's Order illustrates the reason for Defendants' request for clarification.  Plaintiffs' "standard" for circumstances warranting or excusing an unfilled mandatory post gives short shrift to the

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77] - 2**

realities of prison operations, some examples of which are provided in footnote 3 to Defendants'

Motion.  *See* Doc. 77 at 3 n.3.  Plaintiffs state the obvious – that a showing must be made - but

the standard Plaintiffs offer is (a) counsel-created and (b) neglects the underlying issue of how

and to whom this showing is to be made and the standard that will be applied.  Defendants

respectfully request clarification of this portion of the Court's Order.

3.     **The Court's Order is Unclear as to the Mechanism by Which CCA Would be Excused From Having a Mandatory Post Unfilled.**

Similarly, Defendants seek clarification as to the mechanism by which

Defendants would be excused from leaving a mandatory post unfilled.  Correctional facility

operations are not predictable, and Plaintiffs' response does not simply minimize, but fails to

take into account, the possibility of unforeseen occurrences, examples of which were provided in

footnote 3 to Defendants' Motion – reassignment of utility officers, unforeseen medical

emergencies requiring sudden and unplanned transports, and alerts to suicidal inmates.[1]

Defendants are not using their Motion to Clarify to question or dispute the Court's Order (or, as

Plaintiffs' allege, "avoid filling the mandatory posts"); rather, they are merely inquiring as to the

mechanism by which Defendants would be excused from having a mandatory post filled where

the circumstances of such vacancies are monitored and provided to IDOC – the entity with

whom Defendants contract and whose interpretation of the contract has, to date prevailed.[2]  Does

IDOC's approval of a vacant mandatory post excuse that post from inclusion in the calculation of

vacant mandatory post hours?  Does IDOC's approval have any bearing on whether a vacant

mandatory post would be excused under the Court's Order?  Defendants respectfully request

clarification of this portion of the Court's Order.

## CONCLUSION

Defendants' Motion for Clarification is simply that – a request that the Court

---

[1] These examples are, by no means, all-inclusive.

[2] Defendants disagree with Plaintiffs' assertion that Tim Higgins does not have authority to override IDOC's contract with CCA with respect to staffing of mandatory posts.  The contract provides the staffing pattern, which can be overridden when practical necessity requires.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77] - 3**

clarify three aspects of its Order finding that Defendants breached the parties' September 16, 2011 Settlement Agreement.   For the foregoing reasons and for the reasons set forth in Defendants' Motion for Clarification (Doc. 77), Defendants respectfully request clarification of the following: (1) to whom the Court-ordered fine is to be paid; (2) what circumstances, if any beyond the narrow exception of the laundry officer post mentioned in footnote 26, warrant or excuse an unfilled mandatory post (Dkt. 76 at 22 n.26); and (3) the mechanism by which Defendants would be excused from having a post, such as laundry officer, not filled for an entire shift.

> DATED this 23rd day of October 2013.

> STRUCK WIENEKE & LOVE, P.L.C.


> By  /s/ Tara B. Zoellner
> Daniel P. Struck *(Pro Hac Vice)*
> Email:  dstruck@swlfirm.com
> Timothy J. Bojanowski *(Pro Hac Vice)*
> Email:  tbojanowski@swlfirm.com
> Tara B. Zoellner *(Pro Hac Vice)*
> Email:  tzoellner@swlfirm.com

> Kirtlan G. Naylor
> Email:  kirt@naylorhales.com
> NAYLOR & HALES, P.C.

> Attorneys for Defendants Timothy Wengler
> and Corrections Corporation of America, Inc.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77] - 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of October 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Richard Alan Eppink
reppink@acluidaho.org

Stephen L. Pevar
pevaraclu@aol.com

Daniel P. Struck
Timothy J. Bojanowski
Tara B. Zoellner
dstruck@swlfirm.com
tbojanowski@swlfirm.com
tzoellner@swlfirm.com

Kirtlan G. Naylor
James R. Stoll
kirt@naylorhales.com
jrs@naylorhales.com

I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

N/A

Via certified mail, return receipt requested, addressed as follows:

N/A

*/s/ Sheila D. Brown*

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR CLARIFICATION [DKT. 77] - 5**