UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA KELLY, JOSE PIÑA, ANDREW IBARRA, RAY BARRIOS, RANDY ENZIMINGER, MICHAEL MIERA, PRISONER A, and PRISONER F, Individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY WENGLER, and CORRECTIONS CORPORATION OF AMERICA, INC.,<br><br>Defendants. | Case No. 1:11-CV-185-S-EJL<br><br>**ORDER DENYING MOTION FOR CLARIFICATION** |

On May 29, 2013, this Court issued a Memorandum Decision and Order ("Order") (Dkt. 76) finding Defendant Corrections Corporation of America, Inc. ("CCA") in contempt and breach of the Settlement Agreement (Dkt. 25, Ex. A, at 23). The Order provided that CCA would be fined $100 per hour for any vacant mandatory post hour over twelve hours in one month. *See* Settlement Agreement at 22, 24.

On September 23, 2013, Defendant filed a Motion for Clarification ("Motion") (Dkt. 76) requesting that the Court clarify: (1) to whom any sanctions should be paid; (2) precisely which circumstances would excuse an unfilled mandatory post; and (3) the mechanism by which CCA would be excused from having a mandatory post filled. *See*

**Order Denying Motion for Clarification - 1**

Mot. at 2. After reading the moving and responding papers, the Court considers this issue appropriate for decision without oral argument. *See* Fed R. Civ. P. 78; L.R. 7.1(e)(1)(B). The Court finds its prior Order clear on the issues CCA raises. The Court ordered the civil contempt sanctions remedy to "coerce the defendant into compliance with the court's order." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986). Coercive civil contempt sanctions designed to encourage compliance are paid to the Court. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). CCA may only justify unfilled mandatory post hours in the "narrowest circumstances," and CCA "can petition the Court for relief" in the situation that sanctions are triggered by such circumstances. The Court finds the Order clear on these points: CCA should run ICC as it agreed to under its contract with IDOC, which includes staffing the prison as it agreed. When CCA fails to properly staff mandatory posts for over twelve hours in a month, sanctions will accrue. Should such a "narrow circumstance" exist as to fairly justify the failure to staff a mandatory post, CCA may request relief from the Court. Should the Court agree that the vacant post hours were justified, CCA will not be sanctioned for those hours. The Court declines to elaborate on possible situations, as they should be exceedingly rare. The motion for further clarification (Dkt. 76) is thus DENIED.

DATED this 29th day of October, 2013.

_David O. Carter_
DAVID O. CARTER, United States District Judge for the
Central District of California, Sitting by Special Designation

Order Denying Motion for Clarification - 2